[Crim. No. 11458. Third Dist. Mar. 17, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
MARGARET ALICE-JUDITH KLAESS, Defendant and Appellant.

COUNSEL

Daniel J. Sullivan and John C. McKinney for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Defendant appeals from the judgment imposing an aggravated prison term following a negotiated plea of guilty to the crime

of accessory after the fact to murder. (Pen. Code, § 32.) Two counts charging defendant with murder, each with three special circumstances allegations, were dismissed as part of the plea bargain.

Defendant makes two contentions: (1) the trial court's use of facts concerning the two dismissed murder counts violated the principle enunciated in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]; and (2) the trial court was prejudiced in passing sentence on defendant. We shall affirm the judgment.

As part of the plea bargain, judgment and sentence was delayed pending defendant's full and complete testimony in the murder trial of Luis Rodriquez with whom defendant had been jointly charged with the two counts of murder since dismissed as to her. Consummation of the plea bargain was deferred until Rodriquez's trial ended.

Defendant came on for judgment and sentence April 10, 1981. Numerous character witnesses testified for defendant and her counsel was heard in her behalf. The trial court sentenced defendant to the upper term of three years finding that the factors in aggravation outweighed those in mitigation.[1] A stay of execution was granted, defendant was released on her own recognizance and the hearing was continued.

Defendant filed a motion to reconsider the sentence which was taken up at the continued hearing. The court reviewed and for the record restated the factors in aggravation and mitigation declaring that the findings made at the second hearing "will be those which prevailed rather than what I may or may not have clearly expressed" at the first hearing.[2] The court denied defendant's motion to reconsider sentence and remanded her to custody.

---

[1]As factors in aggravation the court found: (1) the crime to which defendant was an accessory involved great violence, cruelty, viciousness and callousness; (2) the conduct of defendant was not an isolated instance as she had aided Rodriquez in previous crimes; (3) defendant's crimes were of increasing seriousness; (4) the murder to which she was an accessory involved multiple victims; and (5) one of the victims of the murder was particularly vulnerable.

As factors in mitigation the court found: (1) defendant had no previous adult convictions; (2) defendant was only 18 at the time of the offense; (3) defendant stayed out of trouble and made herself available to the district attorney since her plea. The court accorded little weight to the latter finding since cooperation with the prosecutor was a consideration of defendant's negotiated plea.

[2]As factors in aggravation the court found the following: (1) the crime to which defendant was an accessory was known to her to have been one involving great bodily

Defendant's principal contention on appeal is that the trial court improperly considered in aggravation of sentence facts surrounding the dismissed murder charges.

In *People v. Harvey, supra*, 25 Cal.3d 754, it was held improper for a sentencing court to consider any of the facts underlying a charge dismissed as part of a plea bargain to aggravate or enhance defendant's sentence. (P. 758.) *Harvey* declares an equitable rule applicable to negotiated pleas. The trial court cannot with one hand give a benefit and with the other take it away. The *Harvey* court recognized that the rule must give way, however, when it would prevent the trial court from considering all the factors necessary to an informed disposition for the offenses to which defendant has pleaded guilty. (*People v. Harvey, supra*, 25 Cal.3d at p. 758.) Facts surrounding a dismissed charge which are "transactionally related" to defendant's admitted offense may be considered in the disposition of the latter. (*People v. Harvey, supra*, 25 Cal.3d at p. 758; *People v. Gaskill* (1980) 110 Cal.App.3d 1, 5 [167 Cal.Rptr. 549].)

■ We need not decide the limits of the exception permitting consideration by the sentencing court of "transactionally related" facts because, as we shall explain, the facts used here by the sentencing court to aggravate defendant's sentence were inseparably and integrally a part of defendant's admitted offense and were therefore properly considered.

The crime of accessory after the fact is an offense separate and distinct from the underlying felony. Defendant urges her culpability as an accessory should not be affected by the conduct of the perpetrator of the underlying offense. She argues the trial court erred by so aggravating her sentence. The trial judge, however, found as aggravating factors that the crime to which defendant was an accessory was known to her

---

harm, violence, cruelty and callousness (Cal. Rules of Court, rule 421 (a)(1)); (2) defendant was aware prior to her apprehension that one of the victims of the murder was particularly vulnerable in that he had been handcuffed (Cal. Rules of Court, rule 421 (a)(3)); (3) Rodriquez had informed her that the murder involved multiple victims (Cal. Rules of Court, rule 421 (a)(4)); and (4) defendant's convictions had become increasingly serious.

In mitigation the court found: (1) no prior adult convictions (Cal. Rules of Court, rule 423 (b)(1); and (2) defendant contends she has rehabilitated herself.

to have involved great bodily harm and defendant was aware the underlying crimes involved multiple victims, one of whom was particularly vulnerable. Defendant is therefore mistaken when she argues she was punished for Rodriquez's acts. Her punishment was aggravated because of her knowledge of those acts, the nature and extent of which was essential to an informed judgment on the appropriate punishment to be imposed for aiding the actor after the fact.

An accessory after the fact is one who, after a felony has been committed (1) harbors, conceals or aids a principal in such felony; (2) "with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment," while (3) "*having knowledge* that said principal has committed *such* felony . . . ." (Italics added; Pen. Code, § 32.) It is the intentional act with knowledge of a principal's crime for which an accessory is punished. *All other things being equal*, an accessory after the fact to a felony involving fraudulent checks undoubtedly would not bear the same degree of culpability as an accessory after the fact to a multiple murder. The level of depravity of the principal is not irrelevant to the level of depravity of one who is willing to and who does knowingly render the principal aid after the fact. Defendant's culpability for her admitted offenses can only be fully gauged by examining what she knew about the crime to which she was an accessory. (See *People* v. *Gutierrez* (1980) 109 Cal.App.3d 230, 232-233 [167 Cal. Rptr. 162].) Defendant's knowledge when acting as an accessory was a circumstance integrally a part of her admitted offense. Consideration of that knowledge by the sentencing judge did not violate the proscription of *People* v. *Harvey, supra*, 25 Cal.3d 754. (*People* v. *Guevara* (1979) 88 Cal.App.3d 86, 94 [151 Cal.Rptr. 511].)

■ Defendant's other contention is that the sentencing judge was prejudiced against her. We have examined the record carefully and can find no support for defendant's charge. Although defendant had ample opportunity to raise the issue of prejudice below, she made no motion to disqualify the trial judge, even though the alleged manifestations of prejudice would necessarily have been apparent, if at all, prior to the second sentencing hearing. (Code Civ. Proc., § 170, subd. (a)(5).) Having failed to take the proper steps in the trial court, the issue cannot be raised for the first time on appeal. (*People* v. *Beaumaster* (1971) 17 Cal.App.3d 996, 1009 [95 Cal.Rptr. 360].)

The judgment is affirmed.

Sparks, J., and Warren, J.,* concurred.

A petition for a rehearing was denied April 12, 1982, and appellant's petition for a hearing by the Supreme Court was denied June 9, 1982.

---

*Assigned by the Chairperson of the Judicial Council.