STATE OF NORTH CAROLINA v. WILLIAM HAMPTON MELTON

No. 417A82

(Filed 11 January 1983)

### 1. Criminal Law § 138— aggravating factors in sentencing—element of "the offense"

As used in the statute providing that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation," G.S. 15A-1340.4(a)(1), the phrase "the offense" refers to the criminal charge of which the defendant is convicted or to which he pleads guilty or no contest rather than to the crime charged in the indictment.

### 2. Criminal Law § 138— guilty plea to second degree murder—premeditation and deliberation as aggravating factor in sentencing

Where a defendant charged with first degree murder pled guilty to second degree murder, a determination by a preponderance of the evidence in the sentencing phase that defendant premeditated and deliberated the killing could be considered as an aggravating factor in determining an appropriate sentence for the defendant since (1) the finding of premeditation and deliberation was not based upon evidence necessary to prove an element of the offense of second degree murder as prohibited by G.S. 15A-1340.4(a)(1); (2) such factor was reasonably related to the purposes of sentencing within the meaning of G.S. 15A-1340.4(a); and (3) the fact that defendant's guilty plea had been accepted pursuant to a plea bargain did not preclude the sentencing court from considering facts underlying the original charge which was transactionally related to the charge to which defendant pled guilty.

**3. Criminal Law § 138— finding that aggravating factors outweighed mitigating factors—sentence within discretion of court**

Upon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remains within the trial judge's discretion.

**4. Criminal Law § 138— aggravating and mitigating factors—weighing by court**

The number of aggravating and mitigating factors found by the sentencing court is only one consideration in determining which factors outweigh others, and the court may properly emphasize one factor more than another in a particular case. The balance struck by the trial court will not be disturbed if there is support in the record for his determination. G.S. 15A-1444(a1).

ON appeal by defendant from a sentence of life imprisonment entered by *Rousseau, J.*, at the 7 December 1981 Criminal Session of Superior Court, CABARRUS County.

Defendant was charged in an indictment proper in form with murder in the first degree of Tommy Moss. Defendant was arraigned upon and pled guilty to the lesser included offense of murder in the second degree. Evidence supporting defendant's plea of guilty to murder in the second degree tended to show that on the morning of 14 September 1981 defendant borrowed a .44-caliber magnum pistol from a friend. He then purchased some bullets from Cooks, a chain store, and went to an out-of-the-way place where he fired the gun to make sure he had the right bullets. He put the gun under his shirt and drove to a trailer in Kannapolis in which he and the deceased shared living quarters. The defendant drank a beer with the victim, then went to the bathroom where he took out the gun. He returned to the living room of the trailer and shot Tommy Moss through the heart. The victim died soon thereafter of hemorrhaging from the wound.

Immediately after shooting Moss the defendant returned the gun to its lender and drove to the Kannapolis Police Department where he voluntarily confessed to the killing. Judge Rousseau deemed defendant's confession, along with other evidence, sufficient to support Melton's plea of guilty to murder in the second degree.

Testimony at the sentencing hearing showed that defendant had been living with a woman for three years preceding the shooting. Several days before the killing this woman had left him

and had begun seeing Tommy Moss. Further, within a day of the shooting Melton mailed confessional letters to his ex-wife, his mother, and the woman with whom he had been living. In each letter he acknowledged that he was "about to do something stupid" or was "about to screw up one more time" but that he knew what he was doing, that he didn't want anyone to help him, and that he knew what he was going to do was wrong.

At the sentencing hearing, Judge Rousseau found as mitigating factors that "prior to arrest the defendant voluntarily acknowledged wrongdoing in connection with the offense; and also, the defendant has been a person of good character in the community in which he lives." The court found one aggravating factor, that "the killing occurred after defendant premeditated and deliberated the killing." The court then held that the aggravating factor outweighed the mitigating factors and sentenced defendant to life imprisonment, a term in excess of the presumptive sentence of fifteen years for murder in the second degree.

*Rufus L. Edmisten, Attorney General, by George W. Boylan and Marilyn R. Rich, Assistant Attorneys General, for the State.*

*Edwin H. Ferguson, Jr. for defendant.*

MARTIN, Justice.

Defendant has appealed this sentence pursuant to N.C.G.S. 15A-1444(a1), claiming that the trial judge erred in considering premeditation and deliberation as an aggravating factor in his sentencing decision. Appeal under this subsection is limited to the issue of whether the sentence entered is supported by evidence introduced at the trial and the sentencing hearing. *State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982).

A bill of indictment meeting the requirements of N.C.G.S. 15-144 concerning murder will support a conviction or plea of guilty to murder in the first degree as well as to murder in the second degree. *State v. Talbert,* 282 N.C. 718, 194 S.E. 2d 822 (1973). Because the indictment charging defendant in the present case with murder was proper in form, the defendant could have been prosecuted for murder in the first degree. Instead, however, the state agreed not to try defendant for murder in the first degree in exchange for defendant's plea of guilty to murder in the

second degree. *See* N.C. Gen. Stat. § 15A-1021(a) (Cum. Supp. 1981).

In this state murder in the second degree is a Class C felony and therefore the judge sentencing a defendant guilty of this crime must impose a fifteen-year term of imprisonment unless aggravating or mitigating factors merit imposition of a longer or shorter term. N.C. Gen. Stat. § 14-17 (1981); N.C. Gen. Stat. § 15A-1340.4(f)(1) (Cum. Supp. 1981); N.C. Gen. Stat. § 15A-1340.4(a) (Cum. Supp. 1981). The maximum term that may be imposed for a Class C felony is life imprisonment. N.C. Gen. Stat. § 14-1.1(a)(3) (1981). In deciding upon the length of a sentence of imprisonment differing from the presumptive term listed in N.C.G.S. 15A-1340.4(f), a judge must consider sixteen possible aggravating factors and fourteen possible mitigating factors listed in N.C.G.S. 15A-1340.4(a). He may also consider "any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating and mitigating factors are set forth [in N.C.G.S. 15A-1340.4(a) ]." *Id.* However, "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." N.C. Gen. Stat. § 15A-1340.4(a)(1) (Cum. Supp. 1981). If the judge imposes a prison sentence longer than the presumed sentence listed in N.C.G.S. 15A-1340.4(f) for the class of felony of which the defendant is adjudged guilty, the judge must first find that the factors in aggravation outweigh the factors in mitigation. N.C. Gen. Stat. § 15A-1340.4(b) (Cum. Supp. 1981). He must also "specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence." *Id.*

Defendant here first argues that the trial court violated that part of N.C.G.S. 15A-1340.4(a)(1) which states that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." Defendant contends that because the state did not introduce any testimonial evidence during the sentencing hearing, its general referral to evidence presented during the guilt adjudication phase of the proceedings amounted to the use of the same evidence to prove the elements of murder in the second degree as well as the aggravating factor

of premeditation and deliberation. This argument betrays faulty reasoning.

[1]    To begin, we observe that the statutory phrase in question refers to "the offense." In cases where a defendant is convicted of or pleads guilty to an offense different from that alleged in the bill of indictment it becomes necessary to determine the meaning of the phrase "the offense" as used in N.C.G.S. 15A-1340.4(a). Is "the offense" the crime charged in the bill of indictment or the crime of which the defendant is convicted or to which he pleads guilty or no contest? We hold that "the offense" refers to the criminal charge of which the defendant is convicted or to which he pleads guilty or no contest. The use of the phrase "the offense" at other places in the subsection leads inescapably to this conclusion. All aggravating factors listed refer to "the offense" as an accomplished fact. E.g.: "The offense was committed for the purpose . . . ." (15A-1340.4(a)(1)(b) ); "The offense was committed for hire . . . ." (15A-1340.4(a)(1)(c) ); "The offense was committed to disrupt . . . ." (15A-1340.4(a)(1)(d) ); "The offense involved . . . ." (15A-1340.4(a)(1)(p) ). Had the legislature intended that the crime charged was "the offense," language such as "the crime charged was committed" would have been used throughout the subsection.[1] The principal purpose of the Fair Sentencing Act, ar-

---

1. By this ruling we decline to adopt what some scholars refer to as "real offense sentencing." Tonry, *Real Offense Sentencing: The Model Sentencing and Corrections Act*, 72 Journal of Criminal Law and Criminology 1550 (1981). Real offense sentencing involves sentencing a defendant for what he actually does, regardless of the offense of which he is convicted or to which he pleads. *Cf. State v. Thompson,* 275 N.W. 2d 370 (Iowa 1979) ("A sentencing court *may*, within statutory limits, impose a severe sentence for a lower crime on the ground that the accused actually committed a higher crime on the occasion involved *if* the facts before the court show the accused committed the higher crime or the defendant admits it — whether or not the prosecutor originally charged the higher crime." 275 N.W. 2d at 372 (emphases in original).); *State v. Young,* 292 N.W. 2d 432 (Iowa 1980) (following *Thompson*). In North Carolina, no matter how aggravated the offense, the defendant cannot be sentenced to more than the maximum imprisonment for the offense to which he pled guilty or of which he was convicted. For example, armed robbery is a Class D felony punishable by a maximum imprisonment of forty years. N.C. Gen. Stat. §§ 14-87, 14-1.1(a)(4) (1981). Common law robbery, a lesser included offense of armed robbery, is a Class H felony and punishable by a maximum of ten years. N.C. Gen. Stat. §§ 14-87.1, 14-1.1(a)(8) (1981). A defendant charged with armed robbery who pleads guilty to common law robbery is subject to a presumptive sentence of three years. N.C. Gen. Stat. § 15A-1340.4(f)(6) (Cum. Supp. 1981). Although a defendant actually used a firearm in the commission of the robbery and this is found as an aggravating factor at the sentencing hearing, the defendant cannot be sentenced for

State v. Melton

ticle 81A of chapter 15A of the General Statutes of North Carolina, is to provide guidelines and a basis for determining an appropriate punishment for the crime of which the defendant is adjudged guilty, not crimes with which he is charged.

[2]  Defendant here pled guilty to murder in the second degree. In order to prove the commission of murder in the second degree, the state must prove beyond a reasonable doubt only that the defendant unlawfully killed the deceased with malice. *E.g., State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981); *State v. Jenkins*, 300 N.C. 578, 268 S.E. 2d 458 (1980); *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971). Premeditation and deliberation are not elements of murder in the second degree. *Id.; State v. Lester*, 289 N.C. 239, 221 S.E. 2d 268 (1976). Proof that defendant unlawfully killed the deceased does not prove that the killing was done with premeditation and deliberation. Similarly, the fact that the defendant here used a gun was sufficient to prove malice, the other essential element of murder in the second degree, *State v. Montague*, 298 N.C. 752, 259 S.E. 2d 899 (1979); *State v. Woods*, 278 N.C. 210, 179 S.E. 2d 358 (1971); however, the use of a gun does not by itself establish premeditation and deliberation. *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769, *cert. denied*, 368 U.S. 851, 7 L.Ed. 2d 49 (1961); *State v. Miller*, 197 N.C. 445, 149 S.E. 590 (1929). It follows that Judge Rousseau's finding that premeditation and deliberation were established by a preponderance of the evidence was not based upon evidence necessary to establish the two essential elements of murder in the second degree.[2] We note,

the "real offense" that he committed, armed robbery, because the maximum sentence he can receive is ten years. An armed robbery conviction requires a minimum prison sentence of fourteen years. N.C. Gen. Stat. § 14-87(d) (1981). It is only coincidental that the maximum sentence for murder in the second degree is the same as the lesser punishment for murder in the first degree, viz, a life sentence. Formerly, murder in the second degree carried a maximum punishment of thirty years' imprisonment.

2. The case before us is fundamentally different from one in which a defendant *tried* for murder in the first degree was found guilty of murder in the second degree. In that situation, a fact-finding body would have decided that there was not sufficient evidence to conclude beyond a reasonable doubt that the defendant had premeditated and deliberated the killing. Under those circumstances the interesting question would arise whether the trial judge could find by the *preponderance of the evidence* that the killing was after premeditation and deliberation and use this finding as an aggravating factor. In the instant case, however, Melton pled guilty to murder in the second degree. No findings of fact were made during guilt adjudica-

further, that although the state did not introduce any testimonial evidence during the sentencing hearing, the defendant's witnesses were allowed to read into evidence the three letters Melton had written before the crime. These contain evidence in addition to that produced during plea acceptance that Melton had premeditated and deliberated killing Moss.

Because premeditation and deliberation are not specifically listed aggravating factors in N.C.G.S. 15A-1340.4(a)(1), Judge Rousseau must have determined that they were "reasonably related to the purposes of sentencing." N.C. Gen. Stat. § 15A-1340.4(a) (Cum. Supp. 1981). N.C.G.S. 15A-1340.3, captioned "Purposes of sentencing," states that:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

We hold that when a defendant pleads guilty to murder in the second degree, a determination by the preponderance of the evidence in the sentencing phase that he premeditated and deliberated the killing is reasonably related to the purposes of sentencing. Such aggravating factors may be considered in determining an appropriate sentence for the killer. N.C. Gen. Stat. § 15A-1340.4(a) (Cum. Supp. 1981).

The defendant argues, however, that fundamental fairness requires that facts underlying charges which have been dismissed pursuant to a plea bargain cannot be used during sentencing for the admitted charge. We note, first, that although the parties here had the opportunity to bargain for the prosecutor's recommendation of a particular sentence for the defendant, the record

---

tion concerning the presence or absence of premeditation and deliberation beyond a reasonable doubt because they are not elements of murder in the second degree. However, in considering factors "reasonably related to the purposes of sentencing," the trial court was free to examine evidence not used to establish the elements of the offense to which Melton pled guilty and to conclude by a preponderance of the evidence that Melton premeditated and deliberated killing Moss.

shows that no such agreement was made.[3] Therefore, once the trial judge determined that the defendant's guilty plea had been made voluntarily and that there was a factual basis for the plea, he was required by statute to accept the plea to murder in the second degree; however, the plea bargain did not limit the judge's opportunity to exercise his discretion in determining an appropriate sentence for the defendant. N.C. Gen. Stat. § 15A-1023(c) (1978).

The mere fact that a guilty plea has been accepted pursuant to a plea bargain does not preclude the sentencing court from reviewing all of the circumstances surrounding the admitted offense in determining the presence of aggravating or mitigating factors. *People v. Klaess,* 129 Cal. App. 3d 820, 181 Cal. Rptr. 355 (1982); *People v. Gaskill,* 110 Cal. App. 3d 1, 167 Cal. Rptr. 549 (1980); *People v. Guevara,* 88 Cal. App. 3d 86, 151 Cal. Rptr. 511 (1979). In fact, unless a sentence has been agreed to during plea bargaining, a sentencing judge is *required* to consider the statutory list of aggravating and mitigating factors during sentencing, of which many items concern circumstances that may surround the offense. N.C. Gen. Stat. § 15A-1340.4(a) (Cum. Supp. 1981). Such circumstances might include facts concerning both a dismissed charge as well as the admitted offense. E.g., N.C.G.S. 15A-1340.4(a)(1)(a) states the following to be an aggravating factor: "The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants." This factor might undergird a charge of conspiracy to possession of a controlled substance which is dismissed pursuant to a plea bargain; nevertheless, it must be considered by a judge contemplating imposing a sentence different than the presumptive term upon a defendant who has pled guilty to the charge of possessing the controlled substance. Or, to take another example, where a defendant has been charged with rape in the first degree under N.C.G.S. 14-27.2(a)(1)(a) but has pled guilty to rape in the second degree under N.C.G.S. 14-27.3(a)(2), if the sentencing judge concludes by a preponderance of the evidence

---

3. The record does show, however, that as required by N.C.G.S. 15A-1022(a)(6), the trial judge asked the defendant whether he understood that although the presumptive sentence for a Class C felony is fifteen years' imprisonment, the maximum term is life imprisonment. The defendant answered "yes" and initialled this answer in the transcript of the plea.

that the defendant had used a gun during the rape, this would be a factor that must be considered in deciding whether to sentence the defendant beyond the presumptive term for the admitted offense. N.C. Gen. Stat. § 15A-1340.4(a)(1)(i) (Cum. Supp. 1981). Similarly, as premeditation and deliberation are not elements of murder in the second degree, if a defendant charged with murder in the first degree pleads guilty to murder in the second degree, the sentencing judge may conclude, as here, that for purposes of sentencing premeditation and deliberation have been established by a preponderance of the evidence and therefore may be used as an aggravating factor.

As long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing. N.C. Gen. Stat. § 15A-1340.4(a) (Cum. Supp. 1981). *See also, e.g., United States v. Doyle,* 348 F. 2d 715 (2d Cir.), *cert. denied,* 382 U.S. 843, 15 L.Ed. 2d 84 (1965); *People v. Harvey,* 25 Cal. 3d 754, 602 P. 2d 396, 159 Cal. Rptr. 696 (1979); *People v. Klaess, supra,* 129 Cal. App. 3d 820, 181 Cal. Rptr. 355 (1982). In the case before us, although the state agreed not to prosecute Melton for murder in the first degree, the fact that the defendant premeditated and deliberated the killing was transactionally related to this offense of murder in the second degree and was therefore properly considered by the judge during sentencing.

We note that one court has held that a sentencing judge may not consider facts underlying an unrelated charge that was dismissed pursuant to a plea bargain. In *People v. Harvey, supra,* the defendant pled guilty to two counts of robbery under an indictment originally charging the commission of three unrelated robberies. The California Supreme Court held that it would be inequitable to consider facts underlying the unrelated robbery during sentencing because the defendant agreed to plead guilty to two counts in exchange for the dismissal of the third. "Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." 25 Cal. 3d at

758, 602 P. 2d at 398, 159 Cal. Rptr. at 699.[4] However, the court clearly stated that its reasoning was limited to the situation where the dismissed charge pertained to crimes unrelated to the admitted offense. Quoting *People v. Guevara, supra,* 88 Cal. App. 3d 86, 151 Cal. Rptr. 511 (1979), the court went on to remark that " '[t]he plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to Guevara's *admitted* offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on Guevara commensurate with the gravity of his crime.' " 25 Cal. 3d at 758, 602 P. 2d at 399, 159 Cal. Rptr. at 699 (emphasis in original). *See also, e.g., United States v. Martinez,* 584 F. 2d 749 (5th Cir. 1978) (court can take notice of the factual basis of dismissed counts in determining appropriate sentence); *United States v. Marines,* 535 F. 2d 552 (10th Cir. 1976) (in imposing sentence on defendant who entered guilty plea to misdemeanor possession of marijuana, trial court was entitled to consider fact that felony indictment based on same set of facts was dismissed pursuant to plea bargain); *Micelli v. LeFevre,* 444 F. Supp. 1187 (S.D.N.Y. 1978) (during sentencing judge can consider all circumstances leading to defendant's arrest for charge to

---

4. *But see United States v. Majors,* 490 F. 2d 1321 (10th Cir. 1974), *cert. denied,* 420 U.S. 932, 43 L.Ed. 2d 405 (1975). In that case defendant broke out of a federal penitentiary and then stole a car, driving it across state lines. Defendant was charged with escape and interstate transportation of a stolen car, in violation of separate federal statutes. Defendant agreed to plead guilty to the escape charge in exchange for the prosecutor's agreement not to prosecute the interstate transportation charge. However, the trial judge considered the interstate transportation charge as an aggravating factor during sentencing. In affirming, the United States Court of Appeals for the Tenth Circuit stated:

> By his plea bargain and the subsequent dismissal of the indictment against him for interstate transportation of a stolen motor vehicle, Majors was neither acquitted nor convicted, and the dismissal of the indictment for this offense did not deprive him of any constitutional or other right. The dismissed indictment and the charge contained in it are within the kind of information which a court may properly consider in passing sentence. The plea bargain and the indictment dismissal resulting from it did not and, indeed, could not, deprive the judge of the right and probably the duty of giving consideration to it. While a constitutionally invalid conviction cannot be considered by a sentencing judge, it does not follow that there must be a constitutionally valid conviction in order that criminal conduct may be considered.

490 F. 2d at 1324. *Accord, United States v. Doyle,* 348 F. 2d 715 (2d Cir.), *cert. denied,* 382 U.S. 843, 15 L.Ed. 2d 84 (1965).

which he pled guilty whether or not defendant's plea acknowledged them); *State v. Ethington,* 121 Ariz. 572, 592 P. 2d 768 (1979) (when all charges arise out of a single series of events, during sentencing the trial court may properly consider the charges that were dismissed pursuant to a plea bargain along with other matters); *State v. Hanley,* 108 Ariz. 144, 493 P. 2d 1201 (1972) (judge did not err in considering facts underlying charges of rape, robbery and felonious possession of drugs when sentencing defendant who agreed to plead guilty to assault with intent to rape one victim and attempted rape of another in exchange for dismissal of the other charges); *People v. Klaess, supra,* 129 Cal. App. 3d 820, 181 Cal. Rptr. 355 (1982); *People v. Lowery,* 642 P. 2d 515 (Colo. 1982) (during sentencing judge may consider as aggravating or mitigating factors charges dismissed at the time of the plea). We need not decide here whether facts supporting dismissed counts that are unrelated to a crime to which defendant has agreed to plead guilty may be considered during sentencing, for here the facts underlying the initial charge are transactionally related to the charge to which defendant pled guilty.

[3] Upon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remains within the trial judge's discretion. *State v. Davis, supra,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982).

[4] The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. The court may very properly emphasize one factor more than another in a particular case. The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. *Id.;* N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1981); *People v. Piontkowski,* 77 Ill. App. 3d 994, 397 N.E. 2d 36 (1979) (so holding under a similar state statute). *Accord, State v. Marquez,* 127 Ariz. 3, 617 P. 2d 787 (1980); *State v. Brookover,* 124 Ariz. 38, 601 P. 2d 1322 (1979).

Under the facts of this case, the trial judge did not abuse his discretion in entering the sentence to which defendant objects.

Defendant borrowed a .44-caliber magnum pistol, bought bullets for the gun, and test fired the weapon. Then he lulled his friend, the victim, into a false sense of security by drinking beer with him. He returned from the bathroom with gun in hand and killed the victim with one shot. At the time, defendant had malice in his heart because his woman had left him for the victim. The sentence was within the statutory limit, supported by the evidence properly before the judge, N.C.G.S. 15A-1444(a1) (Cum. Supp. 1981), and does not constitute abuse of discretion. *State v. Sudderth*, 184 N.C. 753, 114 S.E. 828 (1922). The trial judge did not violate N.C.G.S. 15A-1340.4(a) by considering the evidence of premeditation and deliberation as an aggravating factor.

Affirmed.