STATE OF NORTH CAROLINA v. WILLIAM DOUGLAS WOOD, JR.

No. 826SC745

(Filed 5 April 1983)

1. Homicide § 21.7— no self-defense as matter of law—sufficiency of evidence of second degree murder

The evidence did not establish as a matter of law that defendant acted in self-defense and was sufficient to be submitted to the jury on the issue of defendant's guilt of second degree murder where it tended to show that the victim was sitting in his parked car talking to friends when defendant drove up in a van and stopped close to the victim's car; defendant's girlfriend was unsuccessful in her struggle to keep defendant from getting out of the van; defendant walked to the victim's car and asked the victim if he had his gun; the victim, who had been target shooting earlier in the day, raised his .410 shotgun so defendant could see it and then lowered the weapon back into his lap; at that time, defendant told the victim that he was going to need the gun, reached into his back pocket, pulled out his pistol and fired three shots at the victim in rapid succession; and two gunshot wounds were found in the victim's head and neck. Furthermore, there is no merit to defendant's contention that the evidence was insufficient to show that he provoked the affray with the intent to take human life and that the case should have been submitted to the jury only on a charge of voluntary manslaughter.

2. Criminal Law § 118.2— instructions on defendant's contentions—disbelief of State's witnesses

In a second degree murder prosecution in which defendant contended that he acted in self-defense, the trial court's instruction that defendant contended "that you should not believe what the State's witnesses have said about it" was not erroneous on the ground that defendant's contentions were consistent with much of the testimony of the State's witnesses, since the effect of the instruction was to tell the jury that defendant contended it should not believe the State's evidence which suggested that defendant did not act in self-defense.

3. Criminal Law § 138— mitigating factors—voluntary acknowledgment of wrong-doing—good reputation in community

In imposing a sentence for second degree murder, the trial court erred in failing to find as mitigating factors that defendant voluntarily acknowledged wrongdoing prior to arrest and that defendant had a good reputation in the community in which he lived where there was evidence at the sentencing hearing that defendant, who claimed self-defense, turned himself in at the police station minutes after the shooting and stated that he did the shooting, and there was evidence at the sentencing hearing showing that defendant had a good reputation in the community in which he lived. G.S. 15A-1340.4(a)(2)(l) & (m).

State v. Wood

**4. Criminal Law § 138— mitigating factor—strong provocation or extenuating relationship—necessity for finding by court**

The fact that defendant's claim of self-defense was rejected by the jury in a second degree murder case did not prohibit defendant from claiming that strong provocation existed for the shooting in order to lessen his sentence. Therefore, the trial court should have determined whether the mitigating factor that defendant acted under strong provocation or that the relationship between defendant and the victim was otherwise extenuating had been proven by a preponderance of the evidence where defendant testified at the sentencing hearing that he and the victim were both dating the same woman and had argued at her house the night before the shooting, and defendant further testified that he was carrying a pistol in his pocket when he approached the victim because the victim had threatened him at the fight the previous night "with his hands in his pockets and [defendant] didn't know what he had in there."

APPEAL by defendant from *Tillery, Judge.* Judgment entered 3 March 1982 in Superior Court, HERTFORD County. Heard in the Court of Appeals 19 January 1983.

At approximately 7:30 on the evening of 21 September 1981, defendant, William Douglas Wood, Jr., shot and killed Allen Lee Dickerson on a dirt road on the outskirts of Murfreesboro, North Carolina. At trial, the jury rejected defendant's self-defense claim and found defendant guilty of second degree murder. From a judgment imposing an eighteen-year prison sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

BECTON, Judge.

Three questions are presented for review: (i) whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant did not act in self-defense; (ii) whether the trial court's summary of defendant's contentions was prejudicially erroneous; and (iii) whether the defendant is entitled to a new sentencing hearing because the sentencing judge failed to find mitigating factors which were supported by the evidence. For the reasons that follow, we find no error in the trial but remand the case for a new sentencing hearing.

# I

[1]   Defendant first argues that the trial court erred in denying his motion to dismiss at the close of the evidence because the evidence was insufficient to carry the case to the jury on the second degree murder charge. Stated differently, defendant argues that the evidence established, as a matter of law, that he acted in self-defense. We are not persuaded.

First, we state the familiar law. The standard used in determining whether the State's evidence is sufficient to withstand a motion for nonsuit is whether there is sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendant is guilty of the offense charged. *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed. 2d 560, 99 S.Ct. 2781, *reh. denied,* 444 U.S. 890, 62 L.Ed. 2d 126, 100 S.Ct. 195 (1979); *State v. Revelle,* 301 N.C. 153, 270 S.E. 2d 476 (1980). And, as we all know, the evidence must be considered in the light most favorable to the State in making this determination. *State v. McCoy,* 303 N.C. 1, 277 S.E. 2d 515 (1981). Further, in self-defense cases, the burden is upon the State to prove beyond a reasonable doubt the existence of malice and the absence of self-defense. *State v. Patterson,* 297 N.C. 247, 254 S.E. 2d 604 (1979).

Second, we review the evidence in the light most favorable to the State. While Allen Dickerson was sitting in his parked car talking to friends, defendant drove up in a van and stopped close to Dickerson's car. Defendant's girlfriend was unsuccessful in her struggle to keep defendant from getting out of the van and in her apparent effort to restrain defendant from committing a violent act upon Dickerson. Defendant walked to Dickerson's car and asked Dickerson if he (Dickerson) had his gun. Dickerson, who had been target shooting earlier in the day, raised his .410 shotgun so defendant could see it, and then lowered the weapon back into his lap. "[H]e still had his hand on it but not on the trigger." At that time, defendant told Dickerson, "You're going to need it [the gun]," then reached for his back pocket, pulled his pistol, and fired three shots in rapid succession. Two gunshot wounds were found in Dickerson's head and neck.

This evidence does not establish that defendant acted in self-defense as a matter of law. Rather, the evidence was sufficient for the jury to find that the State proved beyond a reasonable

doubt that the defendant did not act in self-defense. Thus, defendant's motion for a directed verdict or nonsuit at the close of the evidence was properly denied. *See, State v. Clay*, 297 N.C. 555, 256 S.E. 2d 176 (1979), *overruled on other grounds*, 305 N.C. 400, 290 S.E. 2d 574 (1982); *State v. Dial*, 38 N.C. App. 529, 248 S.E. 2d 366 (1978).

On the basis of the evidence outlined above, we also reject defendant's alternative argument that, if the jury found that he acted in self-defense but nevertheless convicted him because he was the aggressor in provoking Dickerson's response, the evidence was insufficient to show that he provoked the affray with the intent to take human life, and, therefore, the second degree murder charge should have been dismissed and the case should have been submitted to the jury only on the voluntary manslaughter charge. The evidence was sufficient for the jury to find that defendant entered the affray with the intention of taking a human life.

## II

[2] Defendant presented no evidence. Because he bases his self-defense claim on statements made by the State's witnesses on direct and cross examination, defendant takes exception to the following part of the trial court's instructions, summarizing the contentions of the parties:

> The State of North Carolina says and contends that you should be satisfied from the evidence and all of it beyond a reasonable doubt of his guilt, and that you should so find him. The defendant, on the other hand, says and contends that you should not so find; (that you should not believe what the State's witnesses have said about it,) and that, at the very least, you should have a reasonable doubt as to his guilt, and that you should give him the benefit of that doubt and acquit him.

Defendant argues that this summary was prejudicially erroneous because (1) "it told the jurors that defendant's contention that he was not guilty was predicated on the untruthfulness of the State's witnesses when in fact defendant's contentions were consistent with much of the testimony of the State's witnesses and were based totally on the testimony of those witnesses;" and (2) the

summary made no mention that defendant was contending he acted in self-defense.

Although there may have been slight conflicts in the evidence presented through the State's witnesses, we find no prejudicial error in that part of the charge to which defendant took exception. In our view, the jurors could not have understood, from the trial court's statement, that defendant was contending that they were to disbelieve whatever inconsistencies and discrepancies that were shown to exist in the State's evidence. Rather, the trial court, in setting forth the contentions of defendant told the jury that defendant contends that you should not believe the State's evidence which suggests that defendant did not act in self-defense. Consequently, *State v. Hunt*, 289 N.C. 403, 222 S.E. 2d 234, *death penalty vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 46 (1976), although factually distinguishable since defendant therein raised no self-defense claim, is controlling. In *Hunt*, our Supreme Court said:

> After reviewing the evidence and stating the contentions of the State, the Court instructed the jury, 'On the other hand the defendant says and contends that you ought not to find her guilty from all the evidence in the case, and that you ought not to believe what the State's witnesses have said about it, and at the very least you should have a reasonable doubt in your mind as to her guilt, and that you ought to find her not guilty.' At the time, no objection was interposed to this statement of the contentions of the defendant by her trial counsel. In this Court, she contends that it was error for the trial Judge to instruct the jury that the defendant contended that the jury ought not to believe what the State's witnesses have said about the matter, the defendant not having testified at all. As Justice Huskins, speaking for this Court, said in *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970): 'Upon his plea of not guilty Lee could hardly contend otherwise than that the testimony of the State's witnesses should not be believed. He could not very well contend that their testimony represented the truth of the matter. . . .'

289 N.C. at 410-11, 222 S.E. 2d at 240.

With regard to defendant's further contention that the trial court, during the portion of the charge to which defendant took

State v. Wood

exception, did not mention self-defense, we have reviewed the charge and we find a full and fair treatment of this defense given elsewhere in the charge. Thus, we find no error. We point out further that although the transcript reveals that the trial court conducted a detailed instruction conference prior to charging the jury and further asked counsel at the conclusion of the charge if there was anything else they wanted called to the jury's attention, defendant never broached the subject to which he now takes exception.

## III

[3] After finding no mitigating factors and one aggravating factor (prior convictions punishable by more than sixty days confinement), the trial court sentenced defendant to eighteen years in prison for his conviction of second degree murder.[1] The presumptive sentence for this offense, a Class C Felony, is fifteen years. N.C. Gen. Stat. § 14-17 (1981); N.C. Gen. Stat. § 15A-1340.4(f)(1) (1981). Because the defendant's sentence exceeded the presumptive term, the defendant appealed from the judgment imposing the sentence as a matter of right. N.C. Gen. Stat. § 15A-1444 (1981). Defendant contends he is entitled to be resentenced because the trial court failed to find the following statutorily listed mitigating factors set forth in G.S. 15A-1340.4(a)(2):

i. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating.

l. Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.

m. The defendant has been a person of good character or has had a good reputation in the community in which he lives.

---

1. Defendant had originally been given a twenty-five year prison sentence but "the Court during the lunch recess [gave] further consideration to the magnitude or lack of magnitude of the aggravating factor and amend[ed] its announced judgment" and sentenced defendant to a term of eighteen years. The reduced sentence was apparently based on the fact that defendant had served less than a year on each of his three prior convictions and had no conviction for approximately six years preceding the charge pending before the court.

The trial court, in imposing a sentence under the Fair Sentencing Act, is required, first, to consider each of the aggravating and mitigating factors listed in G.S. § 15A-1340.4. *State v. Melton,* --- N.C. ---, ---, 298 S.E. 2d 673, 678 (1983). And, when the trial court imposes a term that differs from the presumptive term, the trial court must list in the record all the factors in aggravation and mitigation it finds proved by preponderance of the evidence. G.S. § 15A-1340.4(a) and (b).

That defendant voluntarily acknowledged wrongdoing prior to arrest and had a good reputation in the community in which he lived was clearly shown by a preponderance of the evidence. Undisputed evidence was presented both at trial and at the sentencing hearing that defendant immediately went to the police station following the shooting, handed an officer the gun, and told the officer that he was the man they were looking for "on account of the shooting." The trial court, without even considering whether this factor had been proved by a preponderance of the evidence, expressly refused to consider this evidence as a mitigating factor, stating, "I can see balancing reasons why he might have felt like that was an appropriate thing for him to do, some of which would not tend to mitigate against the offense . . .; but, for the record, I don't find that that was a mitigating factor."

The trial court erred; it substituted its judgment for that of the legislature. The legislature knew well that the trial judge's reasoning can be applied every time a defendant turns himself in or confesses to a crime, since there is always a possibility that a defendant's motive may be lenient treatment as opposed to remorse for wrongdoing. It is to be remembered that the defendant, who claimed self-defense, turned himself in at the police station minutes after the shooting and stated that he did the shooting. The legislature clearly mandated that this uncontradicted evidence be considered as a mitigating factor. The trial court therefore erred in failing to consider this as a mitigating factor before imposing sentence. *See, State v. Graham,* --- N.C. ---, --- S.E. 2d --- (filed 15 March 1983).

Likewise, there was evidence at the sentencing hearing showing that defendant had a good reputation in the community in which he lived. Therefore, the trial court erred in failing to find the existence of this mitigating factor.

[4] We also hold that the trial court must determine if the following statutorily listed mitigating factor was proved by a preponderance of the evidence—"that defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating." Defendant testified at the sentencing hearing that he and the victim were both dating the same woman and had argued at her house the night before the shooting. Defendant further testified that he was carrying a pistol in his pocket when he approached the victim because the victim had threatened him at the fight the previous night "with his hands in his pockets and [the defendant] didn't know what he had in there." This evidence may suggest strong provocation or the existence of an extenuating relationship between defendant and the victim since the two were antagonists in an emotional battle for the affections of the same woman. And, it does not matter that the self-defense issue was resolved against defendant. First, "strong provocation," as used in G.S. 15A-1340.4(a)(2)(i) and as we apply it to this case, is not synonymous with that "legal provocation" necessary to establish a defense and reduce a second degree murder to manslaughter. Ample support for this conclusion is found in that portion of G.S. 15A-1340.4(a)(2)(i) which states that the existence of an extenuating relationship between the defendant and the victim is a mitigating factor. Second, our Supreme Court in *State v. Melton* held that all circumstances, unless they are essential elements of the crime charged, which are transactionally related to the charge before the court and which are reasonably related to the purposes of sentencing must be considered during sentencing.

In *Melton,* the defendant was indicted for first degree murder but was allowed to plead guilty to second degree murder. At the sentencing hearing the trial court found two mitigating circumstances and found one aggravating factor (that the killing occurred after the defendant premeditated and deliberated the killing). Finding that the aggravating factor outweighed the mitigating factors, the court sentenced Melton to life imprisonment, a term in excess of the presumptive sentence of fifteen years for murder in the second degree. Concluding that deliberation and premeditation are not essential elements of murder in the second degree, our Supreme Court upheld the imposition of a life sentence in *Melton.*

If Melton's plea of guilty to second degree murder did not preclude the State from using evidence of premeditation and deliberation at the sentencing hearing to enhance Melton's sentence, then the fact that defendant Wood's self-defense plea was rejected does not prevent him from claiming that strong provocation existed for the shooting in order to lessen his sentence.[2] We are controlled by the broad language of *Melton* — "all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing." --- N.C. at ---, 298 S.E. 2d at 679.

For the foregoing reasons, defendant is entitled to a new sentencing hearing. In defendant's trial we find

No error.

For errors committed during the sentencing hearing, the case is

Remanded.

Judges WEBB and PHILLIPS concur.

_____

2. The *Melton* Court raises but does not answer "the interesting question . . . whether the trial judge could find by the *preponderance of the evidence* that the killing was after premeditation and deliberation and use this finding as an aggravating factor" when a defendant, although tried for first degree murder, was found guilty of second degree murder.