STATE OF NORTH CAROLINA v. ROBERT EUGENE McINTYRE

No. 834SC492

(Filed 3 January 1984)

1. **Criminal Law § 138— prior convictions as aggravating circumstance—sufficiency of proof**

   It was not error for the court to find that the aggravating factor of prior convictions had been proven by the preponderance of the evidence where the

prosecuting attorney represented to the court that defendant had four prior convictions; defendant requested that the court not consider one of these on the ground that he had been indigent and not represented by counsel; defendant made no similar request as to the other three convictions, nor did he in any way deny their existence or validity; and he did not, at the sentencing hearing, object to the finding of fact as to prior convictions or tender any proposed findings of fact.

**2. Criminal Law § 138— second degree murder—premeditation and deliberation as aggravating factor**

In imposing a sentence for second degree murder, the trial court did not err in finding as an aggravating factor that defendant left the scene of the homicide, procured a gun, and returned to lie in wait to shoot the victim since these facts tended to prove that the killing was the product of premeditation and deliberation and thus could properly be used to enhance the sentence for second degree murder.

APPEAL by defendant from *Brown, Judge.* Judgment entered 22 September 1982 in Superior Court, ONSLOW County. Heard in the Court of Appeals 7 December 1983.

Defendant was charged with first degree murder and pled guilty to second degree murder. He appeals from a judgment of imprisonment for a term of forty years.

*Attorney General Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*Gaylor, Edwards and McGlaughon, by Jimmy F. Gaylor, for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in finding as aggravating factors that (1) he had prior convictions punishable by more than sixty days confinement, and (2) he "left the scene of the homicide[,] procure[d] a gun[,] and returned to lie in wait to shoot the victim." We find no error.

I.

[1] The prosecuting attorney represented to the court that defendant had four prior convictions. Defendant, through counsel, requested that the court not consider one of these on the ground that he had been indigent and not represented by counsel. He made no similar request as to the other three convictions, nor did

he in any way deny their existence or validity. He did not, at the sentencing hearing, object to the finding of fact as to prior convictions, nor did he tender any proposed findings of fact. *See State v. Davis,* 58 N.C. App. 330, 334, 293 S.E. 2d 658, 661, *disc. rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982). He did not object to the method used to establish his record, or challenge in any way the accuracy of the record as represented. *See State v. Massey,* 59 N.C. App. 704, 705-06, 298 S.E. 2d 63, 65 (1982). He did not sustain his burden of raising the issue of indigency or lack of assistance of counsel as to three of the four convictions. *See State v. Thompson,* 309 N.C. 421, 425-28, 307 S.E. 2d 156, 158-61 (1983). Under these circumstances it was not error for the court to find that the aggravating factor of prior convictions had been proven "by the preponderance of the evidence," G.S. 15A-1340.4(a).

## II.

[2]   The ground for defendant's argument that the court erred in finding as an aggravating factor that he "left the scene of the homicide[,] procure[d] a gun[,] and returned to lie in wait to shoot the victim" is that evidence of these facts was necessary to prove malice, an element of second degree murder, and thus could not be used to prove a factor in aggravation. G.S. 15A-1340.4(a)(1). This evidence tended to prove more than mere malice, however. It tended to prove that the killing was the product of premeditation and deliberation.

"Premeditation and deliberation are not elements of murder in the second degree." *State v. Melton,* 307 N.C. 370, 375, 298 S.E. 2d 673, 677 (1983). Our Supreme Court has expressly held that

> when a defendant pleads guilty to murder in the second degree, a determination by the preponderance of the evidence in the sentencing phase that he premeditated and deliberated the killing is reasonably related to the purposes of sentencing. Such aggravating factors may be considered in determining an appropriate sentence for the killer.

*Id.* at 376, 298 S.E. 2d at 678. It stated further:

> [A]s premeditation and deliberation are not elements of murder in the second degree, if a defendant charged with murder in the first degree pleads guilty to murder in the sec-

ond degree, the sentencing judge may conclude . . . that for purposes of sentencing premeditation and deliberation have been established by a preponderance of the evidence and therefore may be used as an aggravating factor.

*Id.* at 378, 298 S.E. 2d at 679.

Unchallenged evidence presented to establish the factual basis for defendant's plea indicated that defendant and the victim had exchanged some words in a store, and the victim had snatched a dollar bill from defendant's hand. Defendant had told the victim that was the last dollar bill he would snatch from him. He had then gone to his father-in-law's house nearby, secured a shotgun, and waited behind the store. A girl had seen him behind the store and had asked what he was doing with the shotgun. Defendant had replied: "I'm going to blow his brains out when he comes out of the store." When she urged him not to do that, he responded "oh don't worry, I'm not going to shoot anybody else but him." After the shooting defendant had stated: "I did have every *intention* of *killing* him at the time." He had also said: "[R]ight now I hope he don't die, but my intention was to kill him."

This evidence clearly permitted a finding by a preponderance of the evidence that the homicide was a product of premeditation and deliberation. Pursuant to *Melton, supra,* the court could use such a finding as an aggravating factor to enhance the sentence.

Affirmed.

Judges WEBB and WELLS concur.