STATE v. EVANS

[113 N.C. App. 644 (1994)]

---

STATE OF NORTH CAROLINA v. TERRY LEE EVANS

No. 9316SC602

(Filed 15 February 1994)

1. **Criminal Law § 1144 (NCI4th)— killing of police officer—two aggravating factors found—no error**

Where a police detective was killed because he was disrupting the drug trade in an area and because he was going to be involved in the prosecutions of some of the drug group members, the trial judge did not improperly use the same evidence to support more than one aggravating factor by finding as aggravating factors for second-degree murder, conspiracy and assault: (1) that the offenses were committed to hinder the lawful exercise of a governmental function or the enforcement of laws, and (2) that the offenses were committed against a law enforcement officer because of the exercise of his official duties. N.C.G.S. § 1340.4(a)(1)(d), (e).

**Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law § 1143 (NCI4th)— guilty plea—aggravating factor—stiffer sentence—failure to charge with different crime—no right of defendant to complain**

Where defendant pled guilty to conspiracy to commit murder and was convicted, the trial judge properly considered and in fact was required to consider as an aggravating factor that the offense was committed against a law enforcement officer because of the exercise of his official duties. Defendant could not complain that he was charged with conspiracy to

commit murder, which carried a lesser sentence, instead of conspiracy to murder a law enforcement officer, which carried a higher sentence, and that the State then was able to have an even stiffer sentence imposed by submitting as an aggravating factor that the offense was committed against a law enforcement officer, since defendant, represented by counsel, fully understood the nature and elements of the charges against him, as well as the maximum sentence possible on those charges, and defendant then pled guilty to all the charges.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgments and commitments entered 17 December 1992 by Judge B. Craig Ellis in Hoke County Superior Court. Heard in the Court of Appeals 5 January 1994.

*Attorney General Michael F. Easley, by Senior Deputy Attorney General William N. Farrell, Jr., for the State.*

*W. Philip McRae for defendant.*

LEWIS, Judge.

On 17 December 1992 defendant pled guilty to second-degree murder, conspiracy to commit murder, assault with a deadly weapon with intent to kill inflicting serious injury, and discharging a firearm into occupied property. After hearing the evidence and the arguments of counsel, the trial judge found aggravating and mitigating factors and concluded that the aggravating factors outweighed the mitigating factors. He then enhanced the presumptive sentence for each offense and sentenced defendant to terms of imprisonment totalling 100 years. Defendant contends that the trial judge erred in his findings regarding the aggravating factors. The two aggravating factors at issue are: (1) that the offenses were committed to hinder the lawful exercise of a governmental function or the enforcement of laws and (2) that the offenses were committed against a law enforcement officer because of the exercise of his official duties. *See* N.C.G.S. § 15A-1340.4(a)(1)(d)-(e) (1988).

The evidence tended to show the following facts. On the evening of 4 April 1991, Southern Pines Police Detective Charles Harris responded to a call at the Holiday Town Apartment Complex, an area known for its drug activity. During a search of the area, Detective Harris came upon co-defendant Bernice McDougald, who

was entering an apartment, and advised him that if he had any drugs he had better flush them because he (Detective Harris) was going to get a search warrant for the apartment. McDougald followed the detective's advice only to later find out that the police were not going to search the apartment. During the previous several months, Detective Harris' efforts in the area had disrupted the workings of the drug trade, in which McDougald, defendant, and others were involved. Furthermore, Detective Harris was a potential witness in pending drug prosecutions against some of the members of the group. McDougald told Leroy Medley, another co-defendant, that some of the members of the group had been staking out Detective Harris' residence for three days. McDougald then told the group that they might as well go ahead and kill Detective Harris, for if they did not, they would all be going to jail in the near future.

After the police left the complex, McDougald, defendant, and six others, armed with three rifles and a pistol, piled into a car and drove to Detective Harris' house. When they arrived, one of the men rang the doorbell and ran, and shots were fired into the house as Detective Harris opened the door. Detective Harris was shot six times and died as a result of the wounds. His wife, who was sitting in the den, was shot in the hand.

[1] Defendant's first argument is that the same evidence was used to prove two aggravating factors: 1) that the offenses were committed to hinder the lawful exercise of a governmental function or the enforcement of laws, N.C.G.S. § 15A-1340.4(a)(1)(d), and 2) that the offenses were committed against a law enforcement officer because of the exercise of his official duties, N.C.G.S. § 15A-1340.4(a)(1)(e). Defendant is correct that the same item of evidence may not be used to prove more than one factor in aggravation. N.C.G.S. § 15A-1340.4(a)(1). However, this Court addressed the same argument as applied to the same two aggravating factors in *State v. Brown*, 67 N.C. App. 223, 313 S.E.2d 183, *appeal dismissed and disc. review denied*, 311 N.C. 764, 321 S.E.2d 147 (1984). In that case, the defendant conspired to kill a detective and a witness for the State, both of whom were playing key roles in the defendant's assault prosecution. *Id.* at 236, 313 S.E.2d at 192. The trial judge found that the offenses were committed to disrupt or hinder the enforcement of the law and that the intended victims were a fire department investigator and a State's witness against the defendant, both among the class protected by section 1340.4(a)(1)(e).

*Id.* The purpose of section 1340.4(a)(1)(e) is "to penalize a defendant who chooses to commit an offense against this class of people: law enforcement officer, fireman, judge, prosecutor, juror, or witness against the defendant while performing his official duties." *Id.* The Court in *Brown* concluded that the trial judge's findings were proper: "The defendant cannot be allowed to benefit by having only one aggravating factor charged against him instead of two simply because the method in which he chose to disrupt the enforcement of the law included killing two members of this statutorily protected class." *Id.* at 237, 313 S.E.2d at 192. In the instant case, Detective Harris was killed because he was disrupting the drug trade and because he was going to be involved in the prosecutions of some of the group members. We find *Brown* to be squarely on point and, therefore, conclude that the trial judge's finding of the two aggravating factors in the present case was not error.

**[2]** Defendant's second argument is that the trial judge erred by finding as an aggravating factor that the offenses were committed against a law enforcement officer because of the exercise of his official duties. Defendant contends that the State could have charged him with conspiracy to murder a law enforcement officer because of the exercise of his official duties, N.C.G.S. § 14-18.1(b), but chose instead to charge him with conspiracy to commit murder, N.C.G.S. § 14-18.1(a), and then to submit as an aggravating factor that the offense was committed against a law enforcement officer because of the exercise of his official duties. Defendant contends that this finding in aggravation constitutes reversible error because "it allows the prosecutor and court to aggravate a criminal offense by use of an element which could have formed the basis for an upgrade of the offense charged." Defendant further argues that this manipulation unfairly allows the judge to increase a defendant's sentence, and is contrary to the intent of the legislature.

In *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983), our Supreme Court addressed this issue. In that case, the defendant was charged with first-degree murder and subsequently pled guilty to second-degree murder. The trial judge found as a non-statutory aggravating factor that the defendant acted with premeditation and deliberation. The Supreme Court held that since premeditation and deliberation were not elements of second-degree murder, the trial judge's finding of the non-statutory aggravating factor of premeditation and deliberation was proper. *Id.* at 375, 298 S.E.2d at 677. As to statutory aggravating and mitigating factors, the

Court stated: "In fact, unless a sentence has been agreed to during plea bargaining, a sentencing judge is *required* to consider the statutory list of aggravating and mitigating factors during sentencing, of which many items concern circumstances that may surround the offense." *Id.* at 377, 298 S.E.2d at 678.

We find the analysis in *Melton* to be apposite to the facts of the instant case. Here, defendant pled guilty to conspiracy to commit murder and was convicted. Conspiracy to commit murder does not have as an element that the intended victim be a law enforcement officer. Thus, the trial judge properly considered, and, in fact, was required to consider, as an aggravating factor that the offense was committed against a law enforcement officer because of the exercise of his official duties. Defendant argues, nevertheless, that the prosecutor was, in effect, allowed to "manipulate the court system in order to create a 'less is more' outcome," in violation of the "spirit and intent of the Fair Sentencing Act." However, the record reveals that defendant, represented by counsel, fully understood the nature and the elements of the charges against him, as well as the maximum sentence possible on those charges. Defendant then pled guilty to all the charges. Thus, defendant entered his pleas of guilty freely, voluntarily and understandingly, as an active participant in the process. Defendant will not now be heard to complain that the court system was unfairly manipulated to his detriment.

Accordingly, we find no error.

No error.

Judges ORR and JOHN concur.