STATE OF NORTH CAROLINA v. ELMER J. HANES

No. 8521SC154

(Filed 1 October 1985)

1. Criminal Law § 138— mitigating factor—honorable discharge from armed services—refusal to consider evidence—error

   The trial court erred when sentencing defendant for six felony counts of possession of cocaine by refusing to consider evidence of defendant's honorable discharge from the armed services without a copy of defendant's discharge. While credibility is determined by the trial court, the refusal even to consider the evidence without documentary proof was error. G.S. 15A-1340.4(a)(2) (1983).

2. Criminal Law § 138— mitigating factor—failure to find good character and good reputation—no error

   The trial court did not err in sentencing defendant for six felony counts of possession of cocaine by failing to find as a mitigating factor that defendant had been a person of good character and had a good reputation in the com-

State v. Hanes

munity in which he lived because, while defendant's evidence as to good character was persuasive, it did not compel such a finding.

**3. Criminal Law § 138— aggravating factors—pattern of criminal conduct and big time drug dealer—error**

The trial court erred in sentencing defendant for six felony counts of possession of cocaine by finding as non-statutory aggravating factors that defendant had engaged in a pattern of criminal conduct over an extended period of time and that defendant's guilty pleas indicated that he was a "big time drug dealer" where there was no evidence of criminal activity or drug dealing on defendant's part other than that related to his guilty pleas. These aggravating factors were based on the same evidence necessary to prove defendant's guilt of the offenses to which he pled guilty. G.S. 15A-1340.4(a)(1) (1983).

**4. Criminal Law § 138.11— resentencing—additional recommendation that fine and restitution be paid before early release—not prejudicial**

The trial court did not err when resentencing defendant for six felony counts of possession of cocaine by adding the condition, as a recommendation, that defendant's fine and restitution be paid before an early release. Such a recommendation has no legal effect and is not binding on the Department of Corrections. G.S. 15A-1335 (1983).

APPEAL by defendant from *Wood (William Z.), Judge.* Judgment entered 28 September 1984 in FORSYTH County Superior Court. Heard in the Court of Appeals 24 September 1985.

At the 20 September 1982 session of the Superior Court of Forsyth County, defendant pled guilty to six felony counts of possession of cocaine. The sentence imposed was challenged in a motion for appropriate relief. Defendant's motion having been subsequently allowed, defendant was resentenced by Judge Wood, and defendant has now appealed from his re-sentencing to a term in excess of the presumptive sentence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Charles H. Hobgood, for the State.*

*Purser, Cheshire, Manning & Parker, by Joseph B. Cheshire V and Sheila Hochhauser, for defendant appellant.*

WELLS, Judge.

[1] Defendant first contends that the trial court erred in failing to find as a mitigating factor that defendant was honorably discharged from the armed services of the United States, a statutory mitigating factor under N.C. Gen. Stat. § 15A-1340.4(a)(2) (1983).

At defendant's hearing, his wife testified that defendant had served in the Air Force for seven years and was honorably discharged. Edward L. Frederick, defendant's friend and business associate and work release supervisor, testified that he and defendant had discussed their military service and that defendant had told him defendant was honorably discharged from the Air Force. Defendant did not testify. The transcript of the hearing makes it clear that Judge Wood refused to consider this factor unless a copy of defendant's discharge was furnished. While credibility is determined by the trial court, it is the duty of the court to weigh and consider the evidence presented and to make its determination based *on that evidence*. His refusal to even *consider* the evidence without documentary proof was error. *See State v. Wood*, 61 N.C. App. 446, 300 S.E. 2d 903, *disc. rev. denied*, 308 N.C. 547, 302 S.E. 2d 884 (1983).

[2] Defendant next contends that the trial court erred in failing to find as a mitigating factor that defendant had been a person of good character and had a good reputation in the community in which he lived, a statutory factor. While defendant's evidence as to good character was persuasive, it did not compel a finding of this factor. *See State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984) and cases cited and discussed therein. This assignment is overruled.

[3] In another assignment, defendant contends that the trial court erred in finding as non-statutory aggravating factors (1) that defendant had engaged in a pattern of criminal conduct over an extended period of time, and (2) that defendant's guilty pleas indicate that defendant was a "big time drug dealer." Our examination of the transcript discloses no evidence of criminal activity on defendant's part other than that related to his guilty pleas, nor that defendant was dealing in drugs in any context other than those activities relating to his guilty pleas. Thus, it is clear that the finding of these factors was based on the same evidence necessary to prove defendant's guilt of the offenses to which he pled guilty. We hold this to be a violation of the provisions of N.C. Gen. Stat. § 15A-1340.4(a)(1) (1983). We also hold that this finding violates the rule established by our Supreme Court in *State v. Westmoreland*, 311 N.C. ---, slip op. No. 356A84 (N.C. Sept. 5, 1985) that contemporaneous convictions of joined offenses may not be used as a factor in aggravation.

[4]  In another assignment, defendant contends that the trial court erred in making recommendation as to defendant's release. In the first judgment entered in this case, defendant was ordered to pay a fine of $50,000.00 and restitution in the amount of $12,200.00. When defendant was resentenced, Judge Wood added the condition, as a recommendation, that defendant's fine and restitution "be paid before any early release," which defendant contends was a violation of N.C. Gen. Stat. § 15A-1335 (1983), which provides that when a sentence imposed in Superior Court has been set aside, the Court may not impose a new sentence for the same offense which is more severe than the prior sentence. Such a recommendation has no legal effect, is not binding on the Department of Corrections, and therefore is not prejudicial.

For the reasons stated, there must be a new sentencing hearing consistent with this opinion.

Remanded for resentencing.

Judges ARNOLD and MARTIN concur.