STATE OF NORTH CAROLINA
v.
KENNETH EDWARD CHANCE
No. COA08-1362
Court of Appeals of North Carolina
Filed June 2, 2009
Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.
Robert W. Ewing, for defendant-appellant.
ROBERT C. HUNTER, Judge.
Defendant Kenneth Chance appeals from the judgment entered after this Court remanded this case for a new sentencing hearing. Defendant contends that the trial court violated N.C. Gen. Stat. § 15A-1335 (2007) by recommending he pay court costs, restitution, and fees as a condition of post-release supervision. Defendant also asserts that the amount of restitution the trial court recommended is not supported by the evidence. We find no error.
In June of 2007, defendant was convicted by a jury of misdemeanor larceny and common law robbery after a 2006 robbery of a convenience store. Defendant pled guilty to having attained habitual felon status. The trial court consolidated the charges for sentencing and imposed a term of 101 to 131 months in prison. The trial court did not recommend any restitution or other payments as a condition of post-release supervision. On appeal, this Court vacated the judgment for misdemeanor larceny based on a defect in the charging document, and remanded the case for a new sentencing hearing on the other charges. State v. Chance, ___ N.C. App. ___, 662 S.E.2d 405 (2008) (unpublished).
On 17 July 2008, after the remand, the trial court entered a judgment imposing the same term of 101 to 131 months in prison. The trial court recommended as a condition of post-release supervision that defendant pay $50.00 in court costs, $900.00 in restitution, and $2,448.00 in attorney's fees. Defendant appeals from the judgment entered after remand.
In his first argument, defendant contends that the trial court violated N.C. Gen. Stat. § 15A-1335 (2007) in the judgment entered after the remand when it recommended that he pay restitution, court costs, and attorney's fees as a condition of post-release supervision. We disagree.
"When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served." N.C. Gen. Stat. § 15A-1335 (2007). A trial court's recommendation regarding payments as a condition of post-release supervision is not binding on the Department of Corrections and does not constitute additional punishment in violation of N.C. Gen.Stat. § 15A-1335. See State v. Hanes, 77 N.C. App. 222, 225, 334 S.E.2d 444, 446 (1985)(on remand, judge recommended additional condition that restitution be paid before any early release). Here, as in Hanes, the trial court's recommendation regarding payments as a condition of work release is not additional punishment as prohibited by N.C. Gen. Stat. § 15A-1335. We also note that the trial court imposed the same prison term on remand as was imposed in the original judgment. Accordingly, this assignment of error is overruled.
In defendant's other argument, he contends that the trial court's order of restitution is not adequately supported by the evidence. We disagree.
"'[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing.'" State v. Shelton, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) (quoting State v. Wilson, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)); see also N.C. Gen. Stat. § 15A-1340.35 (2007). "If there is `some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.'" State v. Freeman, 164 N.C. App. 673, 677, 596 S.E.2d 319, 322 (2004)(quoting State v. Hunt, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986)).
Here, the trial court's order of $900.00 of restitution is supported by the evidence introduced at trial. The store manager told police that defendant took thirty cartons of cigarettes. The cartons were worth approximately $30.00 each, making the total value of the property approximately $900.00. Accordingly, we find that sufficient evidence supports the trial court's order of restitution.
No error.
Judges STEELMAN and JACKSON concur.