Filed 9/17/13  P. v. Koellish CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LEE KOELLISH,<br><br>    Defendant and Appellant. | 2d Crim. No. B246736<br>(Super. Ct. No. F468352)<br>(San Luis Obispo County) |

An amended complaint charged appellant Christopher Lee Koellish with felony vandalism (count 1 – Pen. Code, § 594, subd. (b)(1)),[1] inflicting corporal injury on a cohabitant (counts 2 & 3 – § 273.5, subd. (a)), forcible rape (count 4 – § 261, subd. (a)(2)), and making criminal threats (count 5 – § 422).  Counts 2 and 3 also accused appellant of inflicting great bodily injury on the victim (§ 12022.7, subd. (e)).  The complaint further alleged that appellant had served two prior prison terms (§ 667.5, subd. (b)).

Appellant entered into a negotiated plea agreement in which he pled no contest to count 5 (making criminal threats) and stipulated to a two-year prison term in exchange for dismissal of the remaining counts and allegations.  The trial court sentenced

---

[1] All statutory references are to the Penal Code.

appellant to state prison for two years and ordered him to pay victim restitution in the amount of $1,821.40. He received 456 days of presentence custody credit.

Appellant contends the trial court erred by ordering victim restitution since he had not entered a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).) The waiver was not necessary, however, because the facts of the dismissed vandalism count were transactionally related to the admitted count. We affirm.

## FACTS AND PROCEDURAL BACKGROUND[2]

Appellant and Danielle Conn were involved in a dating relationship and were living in her residence. After a series of relationship issues, including incidents of domestic violence, Conn told appellant to move out. Because he kept returning without her permission, Conn changed the locks on the doors. At that time, appellant was subject to a restraining order allowing only "peaceful contact" with Conn.

Early in the morning on December 11, 2011, Conn was asleep in her bedroom when she heard glass breaking. Moments later, appellant kicked in her locked bedroom door and started yelling that they need to talk about their relationship. He told Conn she would never be safe and threatened to kill her. Conn was scared and did not respond to his threats. Appellant then left the room and she heard the sound of more breaking glass. Eventually, he left the house, and she discovered that he had broken four window panes in the door plus three kitchen windows.

Appellant returned later that afternoon and resumed the confrontation. Conn barricaded herself in her bedroom and sent a text message to her sister asking her to call the police. When San Luis Obispo police officers responded, they saw that two exterior doors were open and that a door and three large windows had been damaged. Conn said she did not call the police directly because she was afraid appellant would overhear the conversation and become more aggressive. She said that appellant's

_____

[2] Because appellant pled no contest before the preliminary hearing, the facts are derived from the police report, the probation officer's pre-sentencing report and the victim's letter to the court.

behavior caused her to fear for her safety and requested that he be prosecuted for the broken windows. The officers arrested appellant.

Before accepting appellant's plea of no contest to the charge of making criminal threats (count 5), the trial court asked appellant if he understood that "if there is restitution owed, you'd be required to pay that." Appellant responded: "Yes." At his sentencing hearing, the trial court noted that "[r]estitution is to be determined." The People moved to set victim restitution in the amount of $2,272.51 to compensate Conn for the cost of repairing the damage caused by the vandalism. Defense counsel refused to stipulate to the requested amount, stating, "I don't think there was a *Harvey* waiver, so I would ask the court to take judicial notice of its own file and submit it." The prosecutor expressed his "assumption" that it was "all part of the same situation" but stated that he would "leave it to the court to review and make an appropriate ruling." The court took the matter under submission.

In a written ruling, the trial court awarded Conn restitution in the amount of $1,821.40 to compensate her for: locks ($57.38), paint ($64.02), glass ($1,580) and clean-up ($120). It rejected Conn's other claims as they did not appear to be related to appellant's conduct on December 11, 2011. The court determined that restitution "for damages to the victim's home during the time [appellant] was making criminal threats is relevant to the crime for which he was convicted and is designed to compensate the victim, as well as rehabilitate [appellant] as a reasonable condition of probation."

DISCUSSION

Appellant contends the victim restitution order must be vacated because the trial court based the award on facts from the dismissed counts for which no *Harvey* waiver was entered. The People acknowledge there was no *Harvey* waiver, but claim the restitution order is valid because the facts of the dismissed counts were transactionally related to the admitted offense. We review a restitution order for an abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

*Harvey* held that, absent a contrary agreement, the understanding implicit in a plea bargain is that the defendant "will suffer no adverse sentencing consequences by

3

reason of the facts underlying, and solely pertaining to, [a] dismissed count." (*Harvey, supra,* 25 Cal.3d at p. 758.) Nonetheless, in awarding restitution, a trial court may refer to the conduct on which dismissed charges are based when the "[f]acts surrounding a dismissed charge . . . are 'transactionally related' to [the] defendant's admitted offense." (*People v. Klaess* (1982) 129 Cal.App.3d 820, 823, quoting *Harvey,* at p. 758.) A transactional relationship exists where "it could at least be inferred that some action of the defendant giving rise to the dismissed count was also involved in the admitted count." (*People v. Beagle* (2004) 125 Cal.App.4th 415, 421.)

Here, only counts 1 and 5 arose out of the December 11, 2011, incident.**3** Count 1, which was dismissed, alleged that appellant maliciously and unlawfully damaged Conn's real and personal property. Count 5, which was admitted, alleged that appellant willfully and unlawfully threatened to commit a crime which would result in death and great bodily injury to Conn, and that the threat was made under circumstances so as to convey "a gravity of purpose and an immediate prospect of execution."

There is no question that some of appellant's actions giving rise to the dismissed vandalism count also were involved in the admitted count of making criminal threats. (*People v. Beagle, supra,* 125 Cal.App.4th at p. 421.) Before verbally threatening Conn, appellant broke into her home by smashing the windows in an exterior door. He then kicked in her bedroom door and started yelling at her. He told Conn she would never be safe and threatened to kill her. When she did not respond, appellant left her bedroom and started smashing the kitchen windows. It was the combination of his threatening language and violent destruction of Conn's property that gave the threats "a gravity of purpose and an immediate prospect of execution." Because the facts supporting the restitution order "were inseparably and integrally a part of defendant's admitted offense," the trial court did not commit *Harvey* error in making the award. (*People v. Klaess, supra,* 129 Cal.App.3d at p. 823.)

_____

**3** The other counts involved offenses that allegedly occurred in September and November 2011.

Appellant also contends that the restitution order erroneously included $57.38 for locks which Conn had installed several days prior to the December 11, 2011, incident. Appellant waived this contention by failing to make a timely objection below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) In any event, the receipt submitted by Conn shows that a lock was purchased on December 13, 2011, two days after the incident. It stands to reason that as a result of the vandalism, Conn had to replace the lock on either her exterior door or her bedroom door, as both doors were damaged. Appellant has not demonstrated an abuse of discretion.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

5

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Shawn McGahey Webb, Deputy Attorney General, for Plaintiff and Respondent.