Filed 12/22/15  P. v. Tobias CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEVITICUS TOBIAS,<br><br>    Defendant and Appellant. | B264441<br><br>(Los Angeles County<br>Super. Ct. No. MA054190) |

APPEAL from an order of the Superior Court, Daviann L. Mitchell, Judge. Affirmed.

Debbie M. Page, under appointment by the Court of Appeal, for Defendant and Appellant.

Jackie Lacey, District Attorney of Los Angeles County, Phyllis Asayama and Beth L. Widmark, Deputy District Attorneys, for Plaintiff and Respondent.

## INTRODUCTION

The District Attorney of Los Angeles County filed an information charging defendant and appellant Leviticus Tobias with assault with a deadly weapon (an automobile) (Pen. Code, § 245, subd. (a)(1)), battery with serious bodily injury (Pen. Code, § 243, subd. (d)), leaving the scene of an accident (Veh. Code, § 20001, subd. (a)), and hit and run driving (Veh. Code, § 20002, subd. (a)). The information alleged that defendant personally inflicted great bodily injury in the commission of the battery. (Pen. Code, § 12022.7, subd. (a).) Pursuant to a plea agreement, defendant pleaded no contest to a misdemeanor violation of Vehicle Code section 20001, subdivision (a). Under the agreement, defendant agreed to pay restitution to the victim in an amount to be determined at a later hearing. The remaining counts were dismissed. After the restitution hearing, the trial court ordered defendant to pay the victim $12,764. On appeal, defendant contends that the trial court erred in considering the dismissed charges in determining restitution in the absence of a "*Harvey*[1] waiver." Defendant also contends that the trial court violated her right to due process when it did not permit her to testify and present other evidence at the restitution hearing about the victim's contributory or comparative negligence. We affirm.

## BACKGROUND

At the restitution hearing, Tashay Brown testified that she sustained damage to four of her teeth as the result of an incident with a vehicle on May 14, 2011. She stated that she also lost a cap and a "partial." She claimed that the pain from her injured teeth prevented her from brushing her teeth for six months causing her to develop cavities. Brown saw a dentist in about September 2011 at Western Dental concerning her injuries. She told the dentist that her teeth were damaged when her sister-in-law ran over her with a car. She returned to Western Dental in September 2013. As of the December 2013

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

restitution hearing, Brown had not had any dental work performed on her damaged teeth. The trial court admitted Brown's dental records, and the People rested.

The trial court continued the restitution hearing. When the hearing resumed, defendant made an oral motion to have the restitution hearing "taken off calendar as being inapplicable" under *People v. Escobar* (1991) 235 Cal.App.3d 1504 (*Escobar*), which holds, "The gravamen of a section 20001 offense . . . is not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid." (*Id.* at p. 1509.) Defense counsel argued that the trial court could not order restitution because defendant's act of leaving the scene did not cause Brown's injuries.

The prosecutor stated that his notes reflected that there had been a *Harvey* waiver—i.e., an agreement to pay restitution not only for the count to which defendant pleaded no contest, but also to pay restitution for the dismissed counts. The trial court, which had not taken defendant's plea, reasoned that a *Harvey* waiver likely had been taken, but held the motion in abeyance so it could review the transcript of the plea hearing and defense counsel could provide a written brief on *Escobar, supra,* 235 Cal.App.3d 1504 before ruling.[2] The record does not contain an express *Harvey* waiver.

When the restitution hearing resumed, defendant called Dr. Sachin Saharan, a Western Dental Services dentist, who testified that he examined Brown in September 2011. He said that Brown told him that she had been in a car accident and wanted to know the full scope of the dental work she needed. According to Dr. Saharan, tooth number 7 had a filling that needed to be repaired, and teeth numbers 8, 9, and 25 each needed a root canal, filling, and crown. The total cost of that dental work would be $4,958. He explained that it takes years for a tooth to develop a problem that requires a root canal. No estimate was given to repair a small chip on tooth number 25. According to Dr. Saharan, Brown's dental hygiene was poor and she had other dental needs. Brown had a missing tooth and needed an implant at a cost of $3,511, and she needed "deep cleaning procedures" that would cost $939. When Brown went to Western Dental

---

[2] Because a witness had been subpoenaed to court that day, the trial court allowed the parties to examine the witness before continuing the hearing.

Services in 2011, she had seven cavities. She developed four more cavities between her 2011 and 2013 visits. Dr. Saharan testified that cavities can develop in as few as two weeks. The cost to repair Browns 11 cavities would be $2,330.

Defendant also called Dr. Awny Guindy. He testified that he worked at Western Dental and examined Brown in September 2013. Brown told Dr. Guindy that she had "broken" teeth numbers 8 and 9 in a car accident. Dr. Guindy took x-rays of Brown's mouth and determined that she had an abscess under tooth number 25. Brown asked Dr. Guindy what the cost would be to "fix [her] whole mouth." Dr. Guindy prepared a worksheet that reflected that cost. The cost to fix teeth numbers 8, 9, and 25 was $4,958.

The trial court asked defense counsel if he intended to present additional evidence. Defense counsel said he intended to call defendant as a witness. The trial court asked for an offer of proof. Defense counsel said that defendant would testify that she was at a party given by Brown and that she was assaulted as she and her daughter attempted to leave. The trial court excluded defendant's testimony, stating, "You're now going after the substance of the offense."

The trial court explained, "I think I've told you you have no right to present evidence. I've given you leave because I do think there was issues that needed to be addressed as to what was directly related or could be related to the incident. [¶] I have indicated to you and cite you the case law that says the defendant has no right to confront and cross-examine witnesses in a restitution hearing . . . ." The trial court stated that it had "jurisdiction" to permit cross-examination on a case-by-case basis. It wanted the restitution hearing to be fair and had wanted to hear from "the dentist." The trial court stated that it had obtained the information it believed it needed to make its findings.

Citing *People v. Millard* (2009) 175 Cal.App.4th 7 (*Millard*), defense counsel argued that a defendant has a right to present evidence at a restitution hearing that the victim was comparatively negligent in causing the victim's injury. The trial court stated that it had discretion to hear such evidence, but would exercise its discretion to exclude the evidence. It explained, "I do not think it's relevant or appropriate in this case based on the charges and the testimony that I've heard and the disposition in this case."

4

The trial court asked defense counsel if he intended to call any other witnesses. Defense counsel stated that he intended to call defendant's daughter. The trial court asked if the testimony would be "on the same type of issue." Defense counsel responded that it would. The trial court excluded the testimony. No further witnesses testified, and the matter was continued.

Thereafter, defendant filed a motion to present evidence of Brown's culpability for her injuries. Defendant argued that she had a due process right and a right under Penal Code section 1202.4 to present such evidence. In the motion, defendant contended that she and Brown had been in an altercation at a party Brown had given. Defendant was attempting to leave the party when Brown leaped onto the hood of defendant's car and attempted to break the windshield. Brown was injured when she fell from defendant's car. Thus, defendant contended that Brown was responsible for her own injuries. The motion attached several witness statements supporting defendant's version of the incident.

At the hearing on defendant's motion, the prosecutor argued, "I read the motion, and this request to bring in facts of the underlying offense, there's a forum for that and it's called a trial. And when [defendant] chose to plead to the charge that she did, and in exchange for that have a number of more serious charges dismissed with the understanding being that she would still be responsible for the restitution for those dismissed charges, many of these issues, if not all of these issues, of dealing with the underlying offense became moot; and it became about what restitution the victim was entitled to, what injuries or losses she suffered as a result of these charges; both the dismissed ones as well as the one plead to."

The trial court denied defendant's motion. It stated, that it would not "litigate liability because the defendant—because this is not a trial—in this case the defendant admitted liability. The only thing in dispute was a restitution. So the court will not allow any testimony on who was responsible because she actually entered into a disposition in this case and in exchange for or disposition for whatever motivated she and/or the People, charges were dismissed with the understanding that she would be financially responsible

5

for the losses incurred in this case." The trial court then ordered defendant to pay Brown restitution in the amount of $12,764.


## DISCUSSION

Defendant contends that the trial court erred in considering the dismissed charges in determining restitution in the absence of a *Harvey* waiver. She also contends that the trial court violated her right to due process when it would not permit her to testify and present other evidence at the restitution hearing about Brown's alleged contributory or comparative negligence. Defendant explains that she "sought to have an evidentiary hearing in hopes of establishing that no restitution was owed to the victim, Ms. Brown, because (1) there was no agreement between the parties that the dismissed charges could be used at a restitution hearing to determine the amount of restitution, if any, owed to the victim and (2) Ms. Browns' injuries were caused by Ms. Brown as a result of Ms. Brown jumping onto the hood of [defendant's] vehicle and trying to break the windshield with a shoe or boot and then subsequently falling off said hood as [defendant] was attempting to drive away getting herself and her children out of harms [*sic*] way."


## I.      Standards of Review

Most courts have said that "'''[t]he standard of review of a restitution order is abuse of discretion. 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] '''When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.''' [Citations.]" [Citation.]' (*People v. Baker* (2005) 126 Cal.App.4th 463, 467 [23 Cal.Rptr.3d 871].) 'In reviewing the sufficiency of the evidence, the "'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings." [Citations.] Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. [Citation.] "If the circumstances reasonably justify the [trial court's] findings," the judgment may not be

6

overturned when the circumstances might also reasonably support a contrary finding. [Citation.]  We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact.  [Citation.]' (*Id.* at pp. 468-469.)" (*People v. Prosser* (2007) 157 Cal.App.4th 682, 686.)  Other courts have said that a substantial evidence test may be applied in reviewing restitution awards.  (See *People v. Thygesen* (1999) 69 Cal.App.4th 988, 992-993; *People v. Vournazos* (1988) 198 Cal.App.3d 948, 958-959.)  Our holding is the same under either standard.  We review legal issues concerning restitution awards de novo.  (*People v. Guillen* (2013) 218 Cal.App.4th 975, 983-984.)

**II.     Application of Relevant Principles**

"Except as provided in subdivisions (q) and (r), in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . .  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record."  (Pen. Code, § 1202.4, subd. (f).)  Medical expenses are recoverable under Penal Code section 1202.4, subdivision (f)(3)(B).  A defendant has the right to a hearing to dispute the determination of the amount of restitution.  (Pen. Code, § 1202.4, subd. (f)(1).)

In *Harvey*[*, supra,* ] 25 Cal.3d [at pages] 758-759, "our Supreme Court held that facts underlying charges dismissed as part of a negotiated plea may not, absent contrary agreement by the defendant (now called a '*Harvey* waiver'), be used to impose adverse sentencing consequences.  The principle expanded to cover victim restitution . . . ." (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 678.)  A *Harvey* waiver is required only for those facts that *solely* pertain to the dismissed count.  (*Harvey, supra,* 25 Cal.3d at p. 758.)  In the absence of a *Harvey* waiver, a trial court still may consider the conduct on which dismissed charges were based if the "[f]acts surrounding a dismissed charge . . .

7

are 'transactionally related' to defendant's admitted offense." (*People v. Klaess* (1982) 129 Cal.App.3d 820, 823.)

"The requirements of due process are satisfied by providing the defendant a hearing on ability to pay as well as the extent of the loss occasioned by the defendant's criminal conduct. An order of restitution as a condition of probation is not an abuse of discretion as long as the defendant is given an opportunity to present evidence rebutting her civil liability at the sentencing hearing. [Citation.] [Citation.]" (*People v. Baumann* (1985) 176 Cal.App.3d 67, 79-80.)

"Because a 'negotiated plea agreement is a form of contract, it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] '"When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."' [Citations.]" (*People v. Segura* (2008) 44 Cal.4th 921, 930.) "Implicit in the plea agreement, which is in the nature of a contract, is the understanding that the trial court cannot use the facts of a dismissed charge to impose 'adverse sentencing consequences' unless the defendant consents or a transactional relationship exists between the admitted charge and the dismissed charge. (*People v. Harvey*[, *supra*,] 25 Cal.3d [at p.] 758.)" (*People v. Martin* (2010) 51 Cal.4th 75, 77.)

As part of her plea agreement, defendant agreed to "pay restitution to the victims at a hearing." That is, fairly interpreted, defendant agreed to pay restitution for the injuries Brown suffered as a result of the incident involving defendant and defendant's car and Brown on May 14, 2011. The only matter left to be determined at the restitution hearing was the amount of restitution—i.e., the cost to fix the injuries Brown sustained as a result of the May 14, 2011, incident. By agreeing to pay restitution for Brown's injuries, without reserving the right to challenge her responsibility for those injuries, defendant effectively, although not expressly, entered a *Harvey* waiver. Moreover, even if defendant did not effectively enter a *Harvey* waiver, the prosecution based all of the charges against defendant on a single incident and a single set of facts—the facts

8

concerning the incident involving defendant and her car and Brown on May 14, 2011. Thus, all of the alleged offenses were "transactionally related" and a *Harvey* waiver was not required. (*People v. Martin, supra,* 51 Cal.4th at p. 77; *People v. Klaess, supra,* 129 Cal.App.3d at p. 823.)

Defendant contends that she was denied the opportunity to contest Brown's assertion that defendant was responsible for the injuries Brown suffered to her teeth between 2011 and 2013. But, the trial court provided defendant the opportunity to contest whether Brown's claimed injuries resulted from the May 14, 2011, incident by permitting her to cross-examine Brown and to call the two dentists who examined Brown. That is, the trial court allowed defendant the opportunity to establish that Brown was attempting to attribute to the May 14, 2011, incident dental issues that pre-existed the incident or that developed afterward but were unrelated to the incident. Defendant does not contend on appeal that any part of the estimate for the procedures to fix Brown's dental issues concerned dental issues unrelated to the injuries Brown suffered as a result of the incident involving defendant and defendant's car and Brown on May 14, 2011.

The trial court, however, did not err in denying defendant the opportunity to "establish[] that no restitution was owed to the victim"—the error defendant claims on appeal. The trial court could properly exclude testimony concerning Brown's own culpability for her injuries because, as the trial court found, defendant agreed to pay restitution for the injuries Brown suffered as part of the plea agreement. That is, defendant did not agree to participate in a restitution hearing at which the trial court would determine whether, under the facts of the case, it was proper to order restitution. Instead, defendant agreed to participate in a restitution hearing at which, having conceded responsibility to pay restitution for Brown's injuries, the only matter to resolve was the amount of restitution. The trial court did not err in holding defendant to the terms of her plea agreement. (*People v. Segura, supra,* 44 Cal.4th at p. 930.)

Defendant argues that under *Millard, supra,* 175 Cal.App.4th 7, she was entitled to present evidence of Brown's comparatively and contributory negligence. *Millard* is inapposite. In *Millard,* the defendant was convicted of driving under the influence while

9

committing an act forbidden by law and causing bodily injury to another person in violation of Vehicle Code section 23153, subdivision (a), an offense the trial court characterized as a "negligence[-]type crime,"—a characterization the court of appeal accepted. (*Millard, supra,* 175 Cal.App.4th at pp. 13, 37.) The court of appeal held that a trial court may consider a crime victim's contributory or comparative negligence, traditional tort concepts, to a restitution determination in a criminal case where the defendant was "criminally negligent." (*Id.* at pp. 37-43.)

In its discussion, however, the trial court noted that the contributory or comparative negligence tort cases also hold that "'a party who commits intentional misconduct should not be entitled to escape responsibility for damages based upon the negligence of the victim . . . . [Citations.]' [Citation.] One court noted there is 'an unbroken line of authority barring apportionment [based on comparative fault] where . . . the defendant has committed an intentional tort [e.g., battery] and the injured plaintiff was merely negligent.' (*Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 350 [100 Cal.Rptr.2d 854]; cf. *Thomas v. Duggins Construction Co., Inc.* (2006) 139 Cal.App.4th 1105, 1112 [44 Cal.Rptr.3d 66] [recognizing deterrence and punishment policy reasons *preclude* a reduction of an intentional tortfeasor's liability in proportion to the plaintiff's contributory negligence].)" (*Millard, supra,* 175 Cal.App.4th at p. 38.)

Defendant's offense of leaving the scene of an accident—as well as the dismissed charges of assault with a deadly weapon (an automobile), battery with serious bodily injury, and hit and run driving—were based on intentional and not negligent acts. Thus, while *Millard, supra,* 175 Cal.App.4th 7 permits a trial court to consider a crime victim's contributory or comparative negligence in determining a restitution amount in a criminal case in which the defendant was criminally negligent, this was not such a case. Accordingly, the trial court did not err in excluding evidence of Brown's contributory or comparative negligence or in ordering defendant to pay Brown $12,764 in restitution.

10

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:



TURNER, P. J.



KRIEGLER, J.


11